IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEVIN OWENS,
    Plaintiff,

vs.                                  Case No.: 3:12cv312/LAC/EMT

CAPTAIN SCHWARTZ, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

        Plaintiff initiated this case on June 19, 2012, by filing a document titled "Motion to File 1983 USCA Complaint and Emergency Injunctory [sic] Relief" ("complaint") and a motion for the appointment of counsel (doc. 2).  Plaintiff admits in the complaint that he is a "three-striker" (doc. 1 at 1).  On June 26, 2012, the court directed Plaintiff to file his complaint on the proper form and to file a motion to proceed in forma pauperis so it could assess whether he was entitled to so proceed in this action, despite his three-striker status (doc. 4).  Plaintiff subsequently filed an emergency motion for temporary restraining order (doc. 5), a motion to extend time (doc. 6), two notices of change of address (docs. 6, 8), and a motion for clarification (doc. 7).  He has yet to file a complaint or a motion to proceed in forma pauperis.  After the case was referred to the undersigned for review of the preceding motions, the court has determined that this case should be dismissed.

        Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Although Plaintiff has not yet filed an amended complaint on the proper court form, in light of his recent submissions and in the interest of judicial economy, the court will review the allegations contained in Plaintiff's submissions for the purpose of determining his right to proceed in forma pauperis.

In his complaint, Plaintiff names Captain Schwartz, Sgt. Boquist, Assistant Warden Watson, Warden Willis, Officer Francis, Captain Carnahan, Captain Creel, Colonel of Security, Sgt. Arien, M. Solomon, Toni Bowden, Secretary of the Florida Department of Corrections ("DOC") Kenneth Tucker, and Captain Stokes as Defendants. It appears that the majority of these individuals are employed at Okaloosa Correctional Institution ("OCI"), where Plaintiff was housed at the time he filed the complaint. Bowden and Tucker are employed by the DOC central office. Plaintiff alleges that Defendants did not supply a safe and secure environment for him at OCI. More specifically, Plaintiff asserts that he told several OCI staff members that he was afraid of his cellmate, inmate Hall (doc. 1 at 2). He further asserts that Hall had been placed in Plaintiff's cell to hurt him and that no one took any preventive action on Plaintiff's behalf (*id*.). Plaintiff also alleges that inmate Hall actually assaulted him on June 2, 2012, and that several Defendants failed to take action either to stop the assault in progress or to prevent further injury by moving him into protective custody (*id.* at 2–3). Plaintiff was placed on property restriction on June 3, 2012, during which he was unable to write any grievances or "file[] for protective custody" (*id.* at 3). On June 6, 2012, Plaintiff was served with two disciplinary reports; he was also released from property restriction and wrote several grievances concerning his desire for protective custody and his fears of inmate Hall and other gang members with whom Hall is affiliated (*id.* at 4).

Plaintiff states that following Hall's assault he was placed in a cell by himself and remained there until June 18, 2012, at which time he was moved into a cell with a gang member who is threatening him; he also alleges that other inmates have told this gang member/cellmate to harm him (*id.* at 4). He also reportedly advised an officer on June 18 that he was receiving death threats in the cell (*id.*). Apparently no action was taken, and Plaintiff provided the instant complaint for mailing to prison officials the following day, June 19, 2012. Plaintiff asserts that he fears for his life. He believes that he will be assaulted again by inmates "for writing grievances" and maintains that his requests for protective custody were improperly denied (*id*. at 5). He claims First, Eighth and

Fourteenth Amendment violations and seeks emergency injunctive relief so neither his cellmates nor any other inmates or officers can hurt him (*id.*). He also seeks monetary and punitive damages (*id.*). He concludes the complaint by again asserting his belief that he is in "imminent danger for [his] life" (*id.*).

The majority of Plaintiff's allegations speak of harms that occurred before he filed his complaint, and thus do not satisfy the "imminent danger of serious bodily injury" requirement. His assertions with respect to "imminent danger," as presented, are conclusory. He was directed to file an amended complaint on the proper court form, from which the court would have been able to determine his entitlement to proceed in forma pauperis. However, in the interim Plaintiff has been transferred from OCI to another institution (*see* docs. 6, 8, filed in late July 2012 (reflecting Plaintiff's transfer to Blackwater Correctional Institution)).[1] Therefore, even if it may at one time have existed, any "imminent danger of serious bodily injury" at the hands of the named Defendants under the circumstances described in the complaint has been eliminated. Thus, Plaintiff is not entitled to proceed in forma pauperis in a case aimed at redressing past harms, and his case should be dismissed. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002) (dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint). Dismissal should be without prejudice to Plaintiff's refiling this case along with the full $350.00 filing fee.

Accordingly, it is respectfully **RECOMMENDED**:

1. That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

2. That all pending motions be denied.

At Pensacola, Florida, this 7th day of August 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff clarifies that the acts of which he complains in the complaint all happened at OCI (*see* doc. 1 at 3).

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**